## GOAN v. OGDEN, L. & I. RY. Co.

No. 3113.    Decided December 21, 1917.    (169 Pac. 949.)

1. STREET RAILROADS—COLLISIONS—LAST CLEAR CHANCE—FINDINGS. A finding by the court that at the time of discovery of plaintiff on the track defendant's motorman did not have time to stop, although he did his utmost, sufficiently showed that the court considered the last clear chance rule. (Page 288.)

2. STREET RAILROADS—CROSSINGS—CONTRIBUTORY NEGLIGENCE—SUFFI-CIENCY OF EVIDENCE. Evidence *held* sufficient to support a finding that an automobile driver could have stopped in time to have avoided being run into by defendant's street car. (Page 288.)

3. STREET RAILROADS—CROSSINGS—SPECULTAION AS TO TIME—CON-TRIBUTORY NEGLIGENCE. One who speculates on the question of time of getting across a street car track with an automobile in front of a street car cannot recover damages occasioned by a collision. (Page 290.)

4. APPEAL AND ERROR—WEIGHT OF EVIDENCE—QUESTIONS OF FACT. Regardless of where the preponderance of the evidence lies, the Supreme Court cannot interfere where there is any substantial evi-dence to support a finding of fact by the trial court. (Page 290.)

Appeal from District Court of Weber County, Second Dis-trict; *Hon. A. W. Agee,* Judge.

Action by W. H. Goan against the Ogden, Logan & Idaho Railway Company.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*J. D. Murphy* and *John A. Sneddon* for appellant.

*Boyd, DeVine & Eccles* for respondent.

FRICK, C. J.

The plaintiff in this case sought to recover damages for personal injuries which were caused in a collision between an automobile driven by him and one of defendant's electric cars in Ogden City, which collision and injuries, he alleged, were caused through the negligence of the defendant. The case was tried to the court without a jury. The court found the issues in favor of the defendant, and entered judgment accordingly, from which plaintiff appeals.

The assigned errors practically all relate to the findings of the court. In view of the nature of the case the court's findings perhaps cover more details than was necessary. For the reason, however, that the objections to the findings go only to particular portions in which evidently rather than ultimate facts are found, and for the reason that it is almost impossible to correctly reflect the findings in a condensed or abstracted statement, we deem it best to set forth the findings of the court in full. Omitting the formal parts they are as follows:

"That on the 15th day of January, 1916, the plaintiff was operating an automobile, the property of one Randall, and that about one o'clock of said day he was driving the same westerly on Seventh street, intending to cross said Washington avenue and the lines of railway of the defendant company in a westerly direction. That as he came out of Seventh street onto Washington avenue, and while running his said automobile at about twelve miles per hour, and when about forty-five or fifty feet easterly of the west track of the defendant company, he looked northerly and saw the interurban car of the defendant, same being the usual interurban car of approximately forty-eight tons weight, and about sixty feet long, approaching, and at a distance of approximately 123 feet. That the plaintiff, while he could have stopped his automobile in about four feet, did not do so, nor look nor otherwise pay attention to such approaching car, but continued in a slightly southwesterly direction across the track upon which the interurban car of the defendant was approaching, and was struck at a point on said Washington avenue about or just immediately south of the south line of said Seventh street. That said automobile driven by the plaintiff

was in good repair and condition, and could have been easily stopped by the plaintiff in time to have avoided being struck by such interurban car approaching from the north, at a speed testified to of from twelve to twenty miles an hour, and that by failing to do so, or failing to heed the approaching car, the approach and presence of which he knew, he was struck by the south-bound interurban car of the defendant at a point herein set forth. That the motorman of the defendant company operating its south-bound interurban car, as soon as he discovered the automobile of the plaintiff intending or attempting to cross the railway track in front of the interurban car, immediately applied the brakes on said car and did all in his power to avoid striking the automobile driven by the plaintiff, but that the distance between the point of so discovering the intention of the plaintiff in driving his automobile across the track of the defendant, and the point where the plaintiff entered upon and was crossing said track, was insufficient in which said car could be stopped, and thereby avoid the injury. That from the point where the automobile of the plaintiff was struck by the defendant's south-bound interurban car, and thence southerly, the double tracks of the defendant are approximately six feet apart. That on the easterly track there was approaching from the south a city car, traveling slowly and under control, and being so operated as to pass over the switch just north of said Seventh street, and onto the west track, and after the interurban car had passed said switch going south. That the motorman of said north-bound city car, upon seeing the collision between the interurban car and said automobile, immediately applied the brakes to said car and brought the same to a stop as quickly as possible, and within some eight or ten feet, and a point approximately one hundred feet south of said point of first collision. That the south-bound interurban car of the defendant, having struck and caught the automobile of the plaintiff in front and on the easterly side of said interurban car, pushed or dragged the automobile southerly and along and between the two tracks of the defendant, and against and along the side of the north-bound city car, to a point of stop-

ping, about one hundred feet south of the place of the first collision, and that when stopped, the automobile driven by plaintiff was wedged between said interurban car and the rear end of said north-bound city car, and that the injuries complained of and sustained by the plaintiff, if any, were occasioned by the collision between the south-bound interurban car of the defendant, and the automobile being driven by the plaintiff, and the dragging of said automobile in which the plaintiff was riding, along the track, for the distance in these findings mentioned, and into and against defendant's said north-bound city car. That the motorman in charge of the defendant's south-bound interurban car brought the same to a stop with due diligence and care, and as quickly as same could reasonably be done after discovering the position of the plaintiff and the said automobile with relation to said west or south-bound track, and the intention of the plaintiff as the driver of said automobile to go upon said track and across the same in front of said south-bound car. That at, and prior to, the time of the injuries complained of, and the collision set forth in the complaint herein, the plaintiff was fully familiar with the physical situations at and around the place of the accident, including the streets thereat, and the railroad lines of the defendant, and the manner and character and operation of the defendant's cars, both interurban and city cars, over said tracks and along said Washington avenue, and that the plaintiff was likewise fully familiar with the operation, management, and control of the car being driven on the day in question, and the injuries herein complained of, if any, were due to the inattention and lack of care upon the part of the plaintiff, with full knowledge of the surroundings, situation, circumstances, and conditions, including operation of both his machine and the presence and location of the car of the defendant.''

In view of the foregoing findings plaintiff's counsel earnestly contend that the district court ignored the so-called last clear chance doctrine in determining the        1, 2 case. We are of the opinion, however, that it is evident from the very findings complained of that the district

court had clearly in mind every element which entered into the accident, and that the court fully considered the last clear chance doctrine in deciding the case. In view of the findings we think no further comment is necessary respecting that objection. Counsel, however, also insist that certain parts of the court's findings are not sustained by the evidence, and that other portions are against the great weight of the evidence. We remark that the objections are principally directed to those portions of the findings in which evidentiary rather than ultimate facts are found. Counsel, however, complain that the finding "that the plaintiff, while he could have stopped his automobile in about four feet, did not do so, nor look nor otherwise pay attention to such approaching car," is erroneous for the reason that the plaintiff, as they contend, "was not required as a matter of law to stop his automobile until the south-bound car passed." Whether, under all circumstances, one who is driving an automobile, in approaching a crossing, should stop for an on-coming electric street car is not the question here. It must be clear to all that whether that should or should not be done must depend upon the peculiar circumstances of each case. The district court in this case merely found the facts in that regard. It found that although the plaintiff could have stopped, yet he did not do so. That there was at least sufficient evidence to support that finding is, we think, disclosed from the following testimony elicited upon questions propounded by the court to the plaintiff during the trial:

"Q. And at that time you saw the car some two car lengths north of the switch? A. Yes, sir. Q. Why didn't you stop your car and wait until the street car passed? A. Why, under ordinary conditions, we always get plenty of time, and there was the switch that they were supposed to slow down at, and I did not have really a third—less than a third—of the distance to come that they had to come. Q. I just asked you why you did not stop? A. I supposed I had plenty of time. Q. To get across? A. Yes; I was hurrying across; I thought I had plenty of time. Q. You did not slow down at all? A. No, sir. I did not slow down at all."

The plaintiff thus admitted that he saw the car approaching, that he did not stop nor arrest the speed of the automobile, and that he proceeded onward upon the theory that he "had plenty of time." He thus speculated upon the chances of getting across the track ahead of the electric car, and having done so we cannot see why he should not suffer the consequences.

The objections to findings 4 and 5 require no further discussion. There certainly is some substantial evidence in support of the material facts contained in those findings, and in view of that they are binding on us.

Passing now to the objections to the other findings complained of, we find that counsel in effect concede that there was at least some substantial evidence in support of them. For example, referring to their objection to finding 6 counsel, in their brief, contend that the "preponderance of the evidence" is "contrary" to the finding. The objection to finding 7, upon the other hand, is technical rather than substantial. The finding relates to distance, and any one knows that distance, like time, is a matter largely of judgment. The mere fact that the court may have found the distance somewhat different from what counsel's judgment would be does not constitute prejudicial error, and we so find.

As to finding No. 8, counsel, in their brief, say: "We contend that said finding is not sustained by a fair preponderance of the evidence, and is against the great weight of the evidence." Now, while it is true that every finding of an affirmative fact must be based on a preponderance of the evidence, yet we are not given the power to say what constituted the preponderance of the evidence upon any given question. If there is any substantial evidence in support of a finding, we are powerless to interfere. If it were conceded, therefore, that, in our judgment, the findings complained of were contrary to the weight of the evidence, or were not supported by the "fair preponderance" of the evidence, yet, in view that there is some substantial evidence in support of the findings, we cannot interfere.

What has been said respecting findings 6, 7, and 8 applies with equal force to all other objections to the other findings.

From what has been said, therefore, it follows that the judgment should be, and it accordingly is, affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.